UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
JUICY COUTURE, INC. and L.C. LICENSING, :    04 CIV. 7203 (DLC)
INC.,                                   :
                                        :    MEMORANDUM OPINION
                    Plaintiffs,         :         AND ORDER
                                        :
            -v-                         :
                                        :
L'OREAL USA, INC. and LUXURY PRODUCTS,  :
LLC,                                    :
                                        :
                    Defendants.         :
                                        :
---------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/7/06

DENISE COTE, District Judge:

The plaintiffs Juicy Couture, Inc. and L.C. Licensing, Inc. ("Juicy") sell women's clothing. Juicy has sued L'Oreal USA, Inc. and Luxury Products, LLC ("Lancome"), a maker and seller of cosmetics and fragrances, under the Lanham Act for trademark infringement in connection with Lancome products named inter alia Juicy Tubes, Juicy Rouge, and Juicy Wear. This case is scheduled for trial in April. This Order strikes Juicy's demand for a jury trial.

As of now, the parties do not compete with each other. Juicy does not seek to recover its lost profits; it does seek an accounting of Lancome's profits under a theory that Lancome engaged in intentional infringement of Juicy's trademark rights. Using the tripartite analysis from George Basch Co., Inc. V. Blue Coral, Inc., 968 F.2d 1532, 1538 (2d Cir. 1992), Juicy's request for an accounting is based on an unjust enrichment theory. An accounting for unjust enrichment profits is available even when

the parties do not directly compete, Emmpresa Cubana del Tabaco v. Culbro Corp., 123 F. Supp. 2d 203, 207 (S.D.N.Y. 2000)(citing Monsanto Chemical Co. V. Perfect Fit Prods. Mfy. Co., 349 F.2d 389, 395-96 (2d Cir. 1965)), since an infringer is required in equity to yield up his gains to the true owner of a mark, id. at 206. As pursued by Juicy, this theory of recovery sounds in equity and not at law, and does not entitle Juicy to a jury trial.

Juicy argues that it is not seeking an accounting under an unjust enrichment theory, but under a different prong of the Basch analysis, that is, as a rough proxy for its damages. Basch, 968 F.2d at 1539. It claims that Lancome's sales have injured Juicy's reputation because Lancome sells its products in less exclusive markets, and that it lost sales of flip-flops and totes because Lancome advertised Juicy flip-flops and totes.

Juicy's argument, which is newly fashioned to respond to Lancome's application to strike Juicy's jury demand, is entirely at odds with the analysis proffered by its damages expert, as well as the evidence presented by the parties in their summary judgment practice and discussed at oral argument on those motions on February 15, 2006. Juicy has offered no evidence of any damage to its reputation. Nothing in its expert report seeks to measure such damage. Lancome is a reputable seller of cosmetics, and simply asserting in conclusory fashion that Juicy's reputation has been damaged is insufficient to convert a claim in equity into a claim at law.

Juicy's expert considered various theories to determine the amount of compensation to which Juicy would be entitled if it succeeded in proving its Lanham Act claim, including lost profit damages. Assuming incorrectly that Lancome had sold or given away Juicy branded totes, train cases, and flip-flops with its sales of cosmetics,[1] the expert could only opine that "there may be" potential for lost profits of these items, but did not quantify any such damages. In any event, any such damages would be <u>de minimis</u> and utterly irrelevant to the amounts that Juicy is pursuing in damages.

As its expert report demonstrates, what Juicy is seeking at trial are properly characterized as damages based on an unjust enrichment theory. It seeks an accounting of defendant's profits in the amount of over $50 million, corrective advertising worth $10 million, and a royalty for future sales of 8%.

For the reasons explained by the Honorable Robert W. Sweet in <u>Emmpresa</u>, <u>supra</u>, Juicy's reliance on <u>Daisy Group, Ltd. V. Newport News, Inc.</u>, 999 F. Supp. 548 (S.D.N.Y. 1998), is misplaced. Similarly, the discussion in <u>Cache v. M.Z. Berger & Co.</u>, No. 99 Civ. 12320 (JGK), 2001 WL 38283 (S.D.N.Y. Jan. 16, 2001), is not persuasive with respect to the issues faced here.

---

[1] There is no evidence that Lancome ever sold or gave away any Juicy product in the United States. As confirmed at oral argument, Juicy is unable to articulate any trademark rights in a train case that Lancome used to package products for its customers. While Lancome did give totes and flip-flops away in a single promotion, Juicy has no evidence that the products were identified as Juicy products, other than the arguments it is able to fashion from a transcript of a radio advertisement about the promotion.

3

In any event, it is worth noting that the parties in <u>Cache</u> were direct competitors in the sale of watches, which may explain why the defendants conceded that the plaintiff was entitled in that case to a jury trial. <u>Id</u>. at *8.

SO ORDERED:
Dated:   New York, New York
         March 7, 2006

_____
DENISE COTE
United States District Judge